Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
Kaufman P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and Putative Classes*

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIRYAM ABITBOL, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>TAXITY LLC,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

1. Miryam Abitbol ("Plaintiff") brings this class action against Taxity LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing text message to

residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

## PARTIES

3. Plaintiff is a natural person who resides in Los Angeles County, California.

4. Defendant is a Wyoming limited liability company.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

6. This Court has personal jurisdiction over the Defendant and venue is proper because the Defendant sent the telephone calls at issue to this District, and therefore a substantial part of the events giving rise to the claim occurred in this District.

## INTRODUCTION

7. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer

Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

8. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add her number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). Private suits can seek either monetary or injunctive relief. *Id.* This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect her own personal rights.

Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

**PLAINTIFF'S ALLEGATIONS**

9. Plaintiff is, and has been for all times relevant to this complaint, the subscriber to and customary user of her cellular telephone number—310-945-XXXX.

10. Plaintiff's cellular telephone number has been registered with the National Do Not Call Registry since June 1, 2011.

11. This is the Plaintiff's residential number.

12. Plaintiff uses her cellular telephone number for personal use only as one would use a landline telephone number in a home.

13. Plaintiff uses her cellular telephone number primarily to communicate with friends and family, and to schedule personal appointments, and for other household purposes.

14. Plaintiff does not have a landline in her home.

15. Plaintiff does not have any other telephone number.

16. Plaintiff personally pays for her cellular telephone plan and is not reimbursed by a business.

17. Plaintiff's cellular telephone number has never been associated with a business.

18. Plaintiff has never used her cellular telephone number in any business or marketing materials.

19. Defendant delivered, or caused to be delivered, at least two prerecorded voice messages to Plaintiff's cellular telephone number (310) 945-XXXX on October 30, 2025, using an artificial or prerecorded voice.

20. Specifically, on October 30, 2025, Plaintiff received a prerecorded voicemail call from caller ID 838-882-9931.

21. On the same day, October 30, 2025, Plaintiff received an additional prerecorded voicemail call from caller ID 315-518-1839.

22. The prerecorded voicemail messages were the same or substantially similar in content, evidencing the use of a prerecorded or automated voice system.

23. The prerecorded voicemail messages stated, in substance, that the call was from a "federal tax helpdesk," that Plaintiff had been marked for "IRS resolution options," and that Plaintiff could resolve an alleged tax balance through an installment agreement, with prompts to press numbers to speak with a resolution agent or to stop future calls.

24. The prerecorded voicemail messages concerned Plaintiff's taxes and were intended to advertise and market Defendant's business or services.

25. Plaintiff did not give Defendant prior express consent or permission to deliver, or cause to be delivered, prerecorded or automated voice messages to telephone number (310) 945-XXXX.

26. Plaintiff did not request information, solicit contact, or seek promotional materials from Defendant.

27. On November 3, 2025, Plaintiff returned a call to telephone number 838-882-9931 and spoke with a representative of the Defendant.

28. Following that call, Plaintiff received an email from Defendant, further confirming Defendant's connection to and responsibility for the prerecorded voicemail messages.

29. A screenshot of the email's content is below:

**Time to Sign!**

Hello Miryam,

It's your turn to sign **Tax Investigation Form - Signature Required** from **IRS Tax Associates**.

Dear Miryam,

Attached are your tax investigation forms for digital signature. Please sign and return as soon as possible to begin your IRS resolution process.

Thank you,
Tax Associate Group

**Review & Sign Documents**

**What happens next?**

We collect signatures from all necessary parties and notify you when your documents are complete.

30. Plaintiff suffered actual harm because of the prerecorded voicemail calls, including invasion of privacy, intrusion into her seclusion, annoyance, and nuisance.

31. The prerecorded voicemail calls occupied Plaintiff's cellular telephone, storage capacity, and bandwidth, rendering her phone unavailable for legitimate communications.

32. Upon information and good faith belief, Defendant knew or should have known that Plaintiff's telephone number (310) 945-XXXX was registered on

the National Do Not Call Registry at the time the prerecorded voicemail messages were delivered.

## CLASS ALLEGATIONS

33. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

34. Plaintiff brings this action on behalf of himself and the following class (the “Class”) pursuant to Federal Rule of Civil Procedure 23:

> **National Do Not Call Registry Class**: All persons throughout the United States (1) who did not provide their telephone number to the Defendant, (2) to whom the Defendant delivered, or caused to be delivered, more than one call within a 12-month period, promoting the Defendant’s goods or services, (3) where the person’s telephone number had been registered with the National Do Not Call Registry for at least thirty days before the Defendant delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) who did not submit their telephone number to the Defendant, (5) within four years preceding the date of this complaint and through the date of class certification.

> **Robocall Class**: All persons throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to Defendant’s customer or accountholder, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

35. Excluded from the class are Defendant, Defendant’s officers and directors, members of their immediate families and their legal representatives, heirs,

successors, or assigns, and any entity in which Defendant has or had a controlling interest.

36. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of its agents.

37. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

38. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

39. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

a. whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

b. whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls and;

c. whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

40. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

41. In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

d. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
## Violations of the TCPA, 47 U.S.C. § 227
## (On Behalf of Plaintiff and the National Do Not Call Registry Class)

42. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

43. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered her or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

44. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone

solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of her or her telephone numbers on the National Do Not Call Registry.

45. These violations were willful or knowing.

46. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National Do Not Call Registry Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

47. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**COUNT II**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**
**(On Behalf of Plaintiff and the Robocall Class)**

48. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-41.

49. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

50. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that it willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, and the cellular telephone numbers of the members of the class, without consent.

51. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class and subclass are entitled to damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class and Robocall Class, respectfully requests that the Court enter judgment against Defendant for:

A. Certification of the classes as alleged herein;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned as counsel for the Class;

D. Damages to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(c)(5);

E. Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class, in connection with which it uses an artificial or prerecorded voice;

F. Damages to Plaintiff and members of the Robocall Class pursuant to 47 U.S.C § 227(b)(3)(B);

G. Awarding Plaintiff and the members of the class and subclass treble damages under 47 U.S.C. § 227(b)(3);

H. Attorneys' fees and costs, as permitted by law; and

I. Such other or further relief as the Court deems just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

**PLAINTIFF**, individually and on behalf of all others similarly situated,

DATED this 14th day of January, 2026.

By: */s/ Rachel Kaufman*

Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
Kaufman P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Classes*